**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN COLLINS, ET AL.,** | ) | CASE NO. 1:11CV2221 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| **CITY OF CLEVELAND, ET AL.,** | ) | OPINION AND ORDER |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

**I. ISSUE**

In September 2009, the City of Cleveland demolished a residence owned by Plaintiffs, John and Susan Collins. Plaintiffs bring this action against the City of Cleveland, alleging violations of the United States Constitution. This matter comes before the Court upon the Motion of Defendant, City of Cleveland ("City"), for Summary Judgment (ECF DKT #16) on Plaintiffs' claim for violations under 42 U.S.C. § 1983 and Defendant's Counterclaim for Demolition Costs. For the reasons that follow, the City's Motion is granted as to the Claim and Counterclaim.

**II. FACTS**

Plaintiffs John and Susan Collins own the property located at 3031 Nursery Avenue, Cleveland, Ohio ("Property") (Pl. Compl. 1). Plaintiffs held the Property as a rental, however, the home was condemned by the City in February 2009 after it was vandalized (Pl. Compl. 2, Pl.

-1-

Br. in Opp. to Mot. for Summ. J. 7).  Plaintiffs received a Condemnation Notice, and filed an appeal to the Board of Building Standards which gave them until September 22, 2009 to remedy the violations (Pl. Br. 7).  Plaintiffs pulled three building permits in June, yet each permit expired before Plaintiffs completed the necessary repairs (Def. Mot. for Summ. J. 5).

The Property sustained damages from a fire that occurred on September 18, 2009 (Pl. Br. 7).  Photos and descriptions of the Property indicate that the roof was open in several areas, and multiple rafters and floor joists had been charred and damaged (Def. Ex. A).  The roof and ceiling collapsed in several sections and debris had fallen to the first floor.  *Id.*  After conducting an investigation, Cleveland Fire Department's Battalion Chief Gribble determined that the house presented a hazardous condition, necessitating emergency demolition.  *Id.*  Without providing notice to Plaintiffs, the City of Cleveland ("City") authorized a contractor to demolish the house, (Pl. Br. 7) and the house was demolished at some point between September 25, 2009 and September 29, 2009 (Def. Mot. 6).

Plaintiffs filed a Complaint under 42 U.S.C. § 1983, alleging the City of Cleveland condemned and demolished their real property without prior notice, violating their due process rights under the Fourteenth Amendment of the United States Constitution.  In its Answer, Defendant brought a Counterclaim for demolition costs pursuant to the City's emergency demolition procedure.

### III. LAW AND ANALYSIS

**A.  Summary Judgment Standard**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a);

*accord Int'l Union v. Cummins, Inc.*, 434 F.3d 478, 483 (6th Cir. 2006); *Turner v. City of Taylor*, 412 F.3d 629, 637 (6th Cir. 2005).  The initial burden to demonstrate the absence of a genuine issue of material fact rests with the moving party.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Once the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of a genuine dispute.  An opposing party may not simply rely on its pleadings; rather, it must "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Ky. Dep't. of Transp.,* 53 F.3d 146, 150 (6th Cir.1995).  The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *accord Leadbetter v. Gilley*, 385 F.3d 683, 689-90 (6th Cir. 2004); *Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003).  A fact is material only if its resolution "might affect the outcome of the suit under the governing law."  *Anderson*, 477 U.S. at 248.

When deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in favor of the non-moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006); *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005).  "Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true." *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004).  However, summary judgment should be granted if the party bearing the burden of proof at trial does not establish an essential element of its case.  *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*,

477 U.S. 317).  Furthermore, the Court is not required "to search the entire record to establish that it is bereft of a genuine issue of material fact."  *Betkerur v. Aultman Hosp. Ass'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996).  Rather, the burden falls on the non-moving party to designate specific facts or evidence in dispute.  *Anderson*, 477 U.S. at 249-250.

### B.  Plaintiffs' Constitutional Claim

The liability of counties and other municipal entities under 42 U.S.C. § 1983 is governed by *Monell v. Department of Social Services*, 436 U.S. 658 (1978).  Under *Monell*, if an "action pursuant to official municipal policy of some nature caused a constitutional tort," then the municipality is liable as the wrongdoer.  *Id.* at 691.  "To succeed on a municipal liability claim, a plaintiff must establish that his or her constitutional rights were violated and that a policy or custom of the municipality was the 'moving force' behind the deprivation of the plaintiff's rights."  *Miller v. Sanilac Cnty.*, 606 F.3d 240, 254–55 (6th Cir. 2010).

The Fourteenth Amendment protects against deprivations without due process of law, and  generally requires a property owner to receive both notice and a pre-deprivation hearing before the state may deprive them of their property.  However, a pre-deprivation hearing is not required when quick state action is needed and the state provides the property owner with an adequate post-deprivation remedy.  *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994).  In the present case, Plaintiffs have failed to establish a constitutional violation.  Consequently, for the reasons that follow, the Court grants Defendant's Motion for Summary Judgment as to Plaintiffs' claim.

### 1. Exhaustion of State Remedies

To assert a federal claim under 42 U.S.C. § 1983 and the Fourteenth Amendment for

deprivation of a purely economic interest without due process, a plaintiff must allege and prove the inadequacy of post-deprivation remedies.  *1946 St. Clair Corp. v. City of Cleveland*, 49 Ohio St.3d 33, 36 (1990).  Federal courts require proof that remedies are inadequate, "[and] the inadequacy of state remedies generally cannot be proven unless those remedies are exhausted." *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991).  When remedies are available, "the state's action is not complete until and unless it provides or refuses to provide a suitable post-deprivation remedy."  *Parratt v. Taylor*, 451 U.S. 527, 533 (1981).  Therefore, a claim brought without such proof is not "ripe" for consideration.  *Id.*

Ohio law provides a remedy to address the alleged violation of Plaintiffs' due process rights.  Under authority of R.C. 715.26(B) and Cleveland Code of Ordinances ("C.C.O.") § 3103.09(j), the City may demolish a building that, in the opinion of the Director of Building and Housing, involves immediate danger to human life or health.  Property owners may appeal the Director's decisions pursuant to R.C. § 715.262 and C.C.O. § 3103.20(e).  In the instant case, Plaintiffs did not appeal the demolition decision with the Board of Building Standards under C.C.O § 3103.20(e), and as such, have failed to exhaust state remedies.

Plaintiffs rely on *Parratt* to argue that the availability of post-deprivation remedies is insufficient when property deprivations are caused by established state procedures such as the City's demolition statute.  This reliance is unfounded.  The Supreme Court in *Parratt* held that post-deprivation remedies are sufficient when the situation necessitates "quick action by the state" or providing a pre-deprivation process is impracticable and there are post-deprivation remedies.  *Parratt*, 451 U.S. at 539.  The Sixth Circuit has applied *Parratt* to § 1983 due process claims for emergency demolitions without notice.  *Harris*, 20 F.3d at 1401.  In *Harris*, the court

-5-

found that when the condition of a structure is deemed by the city to pose a danger to public health and safety, "there [is] necessity of quick action. . . . . Under these circumstances, it [is] impracticable to wait for a pre-deprivation process to run its course." *Id*. at 1404.

Plaintiffs have not utilized the appeals process as set forth in R.C. § 715.262 and C.C.O. § 3103.20(e), therefore, they cannot demonstrate that state remedies are inadequate. Consequently, Plaintiffs' claim is not ripe for consideration and Defendant's Motion for Summary Judgment is granted.

**2. Due Process Violation**

Assuming, *arguendo*, that Plaintiffs' claim was not defeated by their failure to exhaust their available remedies, the claim still fails, as Plaintiffs have not established a violation of their constitutional rights. Plaintiffs allege the City of Cleveland demolished their property, without providing notice or a pre-deprivation hearing, in violation of their procedural due process rights under the United States Constitution. While the Due Process Clause generally requires both notice and a pre-deprivation hearing be given to a property owner before the state may deprive them of the property, it does not prohibit against every deprivation. *Harris*, 20 F.3d at 1401. A property deprivation is justified, without notice, when the situation requires "quick action" by the state or a meaningful pre-deprivation process is impracticable, and the state provides an adequate post-deprivation procedure. *Id.*

**a. The Notice Requirement**

Generally, notice is required before a municipality demolishes a home, however City ordinances create an exception to the general rule requiring notice. *Jackson v. Cleveland Dept. of Bldg. and Housing*, No. 97706, 2012WL3527080, at * 3-4 (Ohio Ct. App. Aug. 16, 2012).

The City's Building Code states in pertinent part:

> Cases of Emergency.  In cases of emergency that, in the opinion of the Director, involve immediate danger to human life or health, the Director shall *promptly cause* the building, structure, or a portion of those to be made safe or removed.
> C.C.O. 3103.09(j) (emphasis added).

This section is separate from the standard notice requirement, indicating that notice is not required in emergency situations.  Likewise, the City's Fire Prevention Code dispenses with the notice requirement in emergencies: "In an emergency, an abatement order may be summarily issued to be complied with *immediately* . . . to remove any hazardous or dangerous condition." C.C.O. 381.04 (emphasis added).

Ohio courts have found no-notice demolitions permissible in emergency situations.  In *Youngstown v. Huffman*, No. 10MA72, 2011WL4362370 (Ohio Ct. App. Sept. 16, 2011), the City of Youngstown demolished a house according to a similar no-notice ordinance after a fire, without providing the property owner notice.  The Appellate Court found no due process violations occurred, because in emergency situations the city was not required to provide notice before demolishing the property.  Therefore, the Court finds, that when the condition of a house involves immediate danger to human life or health, the City is not required to provide notice to the property owner before demolishing the house.

### b.  Determination of Emergency Situation

Plaintiffs argue that the condition of the property did not present immediate danger to human life or health.  However, courts have found the question of whether the city was actually correct in determining that an emergency existed before demolishing a building is immaterial when post-deprivation remedies exist.  *Harris*, 20 F.3d at 1404.  The City ordinances leave the determination of whether an emergency existed completely within the judgment of the Director

-7-

of Building and Housing and Fire Officials.  C.C.O. § 3103.09(d)(3); C.C.O. § 381.04(a) and (c).  Plaintiffs have not attacked the codes' constitutionality for bestowing such authority on these officials; thus, they accept their authority to make the determination, and the question of whether an emergency actually existed is nothing more than a question of whether they actually made the right decision.  *Harris*, 20 F.3d at 1404.  Plaintiffs' challenge does not bear on the constitutionality of the demolition process, and as such, should be addressed at a post-deprivation hearing.  Therefore, under *Harris*, because the City provided a post-deprivation appeals process, Plaintiffs cannot establish a due process violation simply by contending that the City was incorrect in determining that an emergency was present and demolition was necessary.

Some courts have analyzed whether an emergency existed in their determination of due process violations.  In these cases, the burden of proving an emergency is on the defendant, who must "set forth sufficient evidence to meet its burden of establishing an emergency situation and [plaintiff must] set forth any evidence to contradict or undermine [defendant's] evidence.  *Smith v. City of Columbus*, No. 02AP1219, 2003WL21454394, at *3 (Ohio Ct. App. June 24, 2003).

Here, the City has offered the Investigation Report (Def. Ex. A), which provides detailed descriptions of the Property, as well as photographs depicting the damaged areas as evidence of the Property's dangerous condition.  The report indicates the fire was intentionally set, and several rafters, floor joists, a window and wood siding sustained heavy charring.  The pictures indicate large sections of the roof were open and had fallen into the house.  The City further points out that the house was located near an elementary school, and presented a potential target for future arson and vandalism.  Finally, even prior to the fire, the City notes the house had been slated for demolition for extensive code violations, which had not been corrected even after

Plaintiffs appealed the Condemnation Notice.  Based on the foregoing information, the City has met its burden of establishing that an emergency situation existed which involved immediate danger to human life or health.

Plaintiffs have not rebutted the City's evidence, except to note that the Investigation Report failed to indicate that hazardous materials were released, that materials were stored in bulk on the property, or that the fire spread beyond the home (Pl. Br. 20-21).  Although the evidence must be construed in the light most favorable to Plaintiffs, they have failed to set forth any facts to undermine the evidence introduced by the City, or to show the house posed no danger to human life or health.  Therefore, the Court finds that the City has met its burden of establishing that an emergency situation existed due to the condition of Plaintiffs' Property after the fire on September 18, 2009.

Plaintiffs finally argue that the amount of time elapsing between the fire and subsequent demolition belies the existence of an emergency situation.  They rely on *Superior Savings Assn. v. City of Cleveland*, 501 F. Supp. 1244, 1249 (N.D. Ohio 1980) as a basis for their claim, as stating, "where a community allows an appreciable amount of time to elapse between an inspection and demolition, the actions of the city themselves demonstrate that the exigency does not exist."  *Id.*  This reliance is not well-founded.  The statement Plaintiffs rely on in *Superior* is dicta, as the court subsequently dismissed the question of the demolition's timeliness as unnecessary to the decision.  Furthermore, the two cases *Superior* relies upon as the basis of this statement do not rely in any part on the timing of the inspection and subsequent demolition in their holdings or discussion.  See *Miles v. District of Columbia*, 510 F.2d 188 (D.C.C. 1975) (holding District failed to provide plaintiff with a hearing or adequate notice and *not* concerning

-9-

an emergency situation); *Pioneer Sav. & Loan Co. v. City of Cleveland*, 479 F.2d 595 (6th Cir. 1973) (holding mortgagee was not precluded from bringing suit against city under the Statute of Frauds and *not* concerning an emergency situation). Since Plaintiffs have failed to provide applicable law for this argument, the Court finds this argument without merit. For the foregoing reasons, the Court finds that the City did not violate Plantiffs' due process rights by failing to provide notice prior to demolition when the City found the Property's condition posed an emergency situation.

### c. The Hearing Requirement

"[A] prior hearing ... is not constitutionally required where there is a special need for very prompt action to secure an important public interest and where a government official is responsible for determining under the standards of a narrowly drawn statute, that it was necessary and justified in a particular instance." *Flatford v. City of Monroe*, 17 F.3d 162 (6th Cir.1994). Further, where a claim asserted rests on deprivation of property, "a post deprivation hearing is all a claimant has a right to and all he can reasonably expect." *Smith*, No. 02AP1219, 2003WL21454394, at *5. As discussed *supra*, Plaintiffs had the opportunity for a post-deprivation hearing under C.C.O. 3103.20(e), which allows an appeal to be made within 30 days after a demolition decision is rendered; but Plaintiffs did not utilize this established process to remedy their loss. As such, the Court finds that the hearing requirement has been satisfied.

For the foregoing reasons, the Court finds that Plaintiffs' claim is not ripe for consideration because they: 1) failed to exhaust state remedies; and 2) the City of Cleveland did not deprive Plaintiffs of their due process rights by demolishing their house without notice when the house posed a danger to health and human life and the City provided the opportunity for a

post-deprivation hearing. Consequently, the Court grants the City's Motion for Summary Judgment as to Plaintiffs' claim.

### C. Defendant's Counterclaim for Demolition Costs

Defendant seeks Summary Judgment on its Counterclaim for Demolition Costs in the amount of $7,200. Under C.C.O. 3103.09, "Any and all expenses or costs...relating to the demolition...of a building or structure for abating any [] nuisance shall be paid by the owner of such building or structure." Plaintiffs argue that the lack of pre-demolition notice is a bar to the City's counterclaim, however, based on the foregoing analysis this argument is unfounded. The City demolished Plaintiffs house under the emergency demolition procedure set forth in C.C.O. 3103.09(j). It is undisputed that the City incurred these costs in demolishing the Property. Consequently, the Court grants the City's Motion for Summary Judgment on its Counterclaim.

IT IS SO ORDERED.


                         s/ Christopher A. Boyko
                         CHRISTOPHER A. BOYKO
                         United States District Judge

Dated: October 24, 2012